UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
TODD KREISLER, :
: 24-CV-08721 (JAV)
Plaintiff, :
: ORDER
-v- :
:
44 LEXINGTON ASSOCIATES, LLC and 517 LEX, :
LLC, :
:
Defendants. :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On May 1, 2025, Defendant 44 Lexington Associates, LLC filed its Answer and Crossclaim with the Court. *See* ECF No. 24. Service of the Crossclaim on Defendant 517 Lex LLC was effective on that date because Defendant 517 Lex LLC had already appeared and because Defendant 517 Lex LLC's counsel is a registered user of the Court's electronic filing system. *See* Fed. R. Civ. P. 5 (b)(1), (b)(2)(E) ("A paper is served under this rule by . . . sending it to a registered user by filing it with the court's electronic-filing system . . ."); *Masterson v. NY Fusion Merch., LLC*, 300 F.R.D. 201, 205 (S.D.N.Y. 2014) ("In cases assigned to the ECF system, service is complete when a NEF is transmitted to all parties."); *see also Luyster v. Textron, Inc.*, 266 F.R.D. 54, 65 (S.D.N.Y. 2010) ("A crossclaim need not be served upon a cross-defendant who is already is a party to the action and within the court's jurisdiction; rather, 'it is sufficient under Rule 5(b) if the pleading is delivered to the attorney of any party who has appeared in the action.'" (citing Wright et al., Federal Practice & Procedure § 1407)). To date, Defendant 517 Lex LLC has not answered the Crossclaim. Accordingly, Defendant 517 Lex LLC in this action appears to be in default with respect to the Crossclaim.

On August 2, 2025, Defendant 44 Lexington Associates, LLC filed a Motion for Entry of

Default as to 517 Lex LLC on Crosscomplaint, which appears to be a procedurally-deficient attempt to request a Clerk's Certificate of Default. ECF No. 31. On August 25, 2025, Defendant 44 Lexington Associates, LLC, filed a Motion for Default Judgment as to Cross-Defendant 517 Lex, LLC without first obtaining the Clerk's Certificate of Default. ECF No. 39.

Accordingly, the pending Motion for Default Judgment is DENIED without prejudice to renewal once the Clerk's Certificate of Default is obtained. Defendant 44 Lexington Associates, LLC may refile its motion for default judgment, in accordance with the Court's Individual Rules and Practices for Civil Cases, **within two weeks of the date of this Order**. Defendants should familiarize themselves with Local Civil Rules 55.1 and 55.2, which, along with Rule 55 of the Federal Rules of Civil Procedure and Rule 5.M. and Attachment A of the Court's Individual Rules, govern default judgment motion practice before this Court.

Per Local Civil Rule 55.2, a party seeking default judgment must append to the motion a Clerk's Certificate of Default, which may be obtained by following the procedure described in Local Civil Rule 55.1. If using the ECF System to obtain the Clerk's Certificate of Default, Defendant must file the proposed Clerk's Certificate of Default electronically, using the ECF Filing Event "Proposed Clerk's Certificate of Default," for the Clerk's approval. The request for a Clerk's Certificate of Default should **not** be filed as a motion on the ECF system.

To be clear: Defendants must file their **motion** for default judgment, *not* merely their request for a Clerk's Certificate of Default, by the above deadline. Defendants must file the proposed default judgment order electronically, using the ECF Filing Event "Proposed Default Judgment," for the Clerk's approval. Moreover, a party seeking a default judgment must also include copies of all the operative pleadings and a certificate of service stating that all documents in support of the request for default judgment have been personally served on or mailed to the

party against whom default judgment is sought pursuant to Local Civil Rule 55.2(a)(3).

If Defendant's counsel submits calculations in support of any motion for default judgment, counsel shall also email native versions of the files with the calculations (i.e., versions of the files in their original format, such as in ".xlsx") to Chambers at [VargasNYSDChambers@nysd.uscourts.gov](mailto:VargasNYSDChambers@nysd.uscourts.gov).

If or when a motion for default judgment is filed, the Court will enter a further Order setting a deadline for any opposition and reply and scheduling a show cause hearing. If no motion for default judgment is filed by the deadline set forth above, the Crossclaim may be dismissed for failure to prosecute without further notice to the parties.

The Clerk of Court is respectfully directed to terminate ECF Nos. 31 and 39.

SO ORDERED.

Dated: September 3, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3